UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIO DAWON WOODLEY,<br><br>                    Plaintiff,<br><br>          v.<br><br>FCC PENITENTIARY, et al.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 11-5581-CAS (JEM)<br><br>MEMORANDUM AND ORDER<br>DISMISSING FIRST AMENDED<br>COMPLAINT WITH LEAVE TO AMEND |

On July 22, 2011, Antonio Dawon Woodley ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 28 U.S.C. § 1983 ("Complaint").

On August 10, 2011, the Court issued a Memorandum and Order Dismissing Complaint With Leave to Amend.

On September 8, 2011, Plaintiff filed a First Amended Complaint ("FAC").

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the FAC before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

1   monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §
2   1915(e)(2).  This screening is governed by the following standards:

3          A complaint may be dismissed as a matter of law for failure to state a claim for two
4   reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has
5   alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't,
6   901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on
7   which relief may be granted, allegations of material fact are taken as true and construed in
8   the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir.
9   1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual
10  allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of
11  a civil rights complaint may not supply essential elements of the claim that were not initially
12  pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
13  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

14         Although a complaint "does not need detailed factual allegations" to survive
15  dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic
16  recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,
17  550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in
18  Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations
19  sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely
20  possible or conceivable.  Id. at 557, 570.

21         Simply put, the complaint must contain "enough facts to state a claim to relief that is
22  plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint presents
23  enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v.
24  Iqbal, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009).  This standard is not a probability
25  requirement, but "it asks for more than a sheer possibility that a defendant has acted
26  unlawfully."  Id.  A complaint that pleads facts that are merely consistent with liability stops
27  short of the line between possibility and plausibility.  Id.

28

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988).  Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure.  Id.  Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend.  Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review and consideration of the FAC under the relevant standards and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim on which relief may be granted and **ORDERS** the FAC **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Initial Complaint

In his initial Complaint, Plaintiff claimed that he was forced to endure unsanitary prison conditions, including a filthy cell without a functioning toilet and a lack of adequate clothing, bedding, food, showers, and exercise.  It appeared that these deprivations occurred at various times in April 2011.  Plaintiff alleged an incident of excessive force that took place on or about April 3, 2011.  Plaintiff also claimed that he was denied adequate law library access, but he provided no details regarding his need for the law library or the duration and extent to which he was denied access.  (Complaint at 4-5A.)

Plaintiff sought financial compensation and removal from "the west coast western region."  (Complaint at 6.)

First Amended Complaint

The FAC omits nearly all of the factual allegations that were set forth in the initial Complaint.  In the FAC, Plaintiff alleges that, between April 1 and 13, 2011, Defendants Mason, Leyvas, and Grafton used excessive force against him.  (Complaint at 3.)  There are no specific facts alleged regarding the excessive force incident.  He also alleges that Defendant Grafton took his bedding and clothing on a daily basis leaving Plaintiff without them for 15 hours per day, that Defendants Mendoza and an unknown officer also took his

1  bedding, and that Defendants Mendoza and the unknown officer tripped him while he was

2  handcuffed.  (Complaint at 3-4.)

3  **DISCUSSION**

4      The Court, having reviewed the Complaint pursuant to the standards set forth above,

5  has determined that Plaintiff's claims do not withstand screening for the following reasons:

6  **I.**     **Plaintiff's Official Capacity Suit for Damages Against Defendant Leyvas Is**

7        **Barred by Sovereign Immunity**

8      Plaintiff names Defendant Leyvas as a defendant in his official and individual

9  capacities.  The Supreme Court has held that an "official-capacity suit is, in all respects

10  other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473 U.S.

11  159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of

12  Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is not a suit against the official

13  personally, for the real party in interest is the entity."  Graham, 473 U.S. at 159.  Defendant

14  Leyvas is an officer with the Bureau of Prisons (the "BOP"), which is an agency of the

15  United States Government.  Thus, Plaintiff's suit against Leyvas in his official capacity is to

16  be treated as a suit against the United States.

17      As a sovereign, the United States is immune from suit unless it expressly waives its

18  immunity and consents to be sued.  Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th

19  Cir.1985). The United States has not waived its sovereign immunity for suits seeking money

20  damages under Bivens.  Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1984) (". . .

21  Bivens does not provide a means of cutting through the sovereign immunity of the United

22  States."); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995).  Thus, any civil

23  rights claims against Defendant Leyvas in his official capacity must be dismissed for lack of

24  subject matter jurisdiction based on sovereign immunity.  See Gilbert, 756 F.2d at 1458.

25      If Plaintiff chooses to file an amended complaint, he should not bring a claim for

26  damages against any federal employee in his official capacity.  See Consejo de Desarrollo

27  Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007); Bruns v.

28  National Credit Union Admin., 122 F.3d 1251, 1255 (9th Cir. 1997); Vaccaro v. Dobre, 81

4

F.3d 854, 857 (9th Cir. 1996); <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 484-86 (1994).

**II.    Plaintiff Has Failed to Allege His Claims With Sufficient Specificity**

Rule 8(a) of the Federal Rules of Civil Procedure requires sufficient allegations to put the defendants fairly on notice of the claims against them.  It states:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8.  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 513 (2002).  "Each averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e).

Although the Court must construe a <u>pro se</u> plaintiff's complaint liberally, Plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. <u>Brazil v. United States Department of the Navy</u>, 66 F.3d 193, 199 (9th Cir. 1995). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in the complaint are not found to be wholly without merit.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996); <u>see also</u> <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673-74 (9th Cir. 1981).

Here, Plaintiff purports to state claims for violation of his Fourteenth Amendment rights and deliberate indifference.  (FAC at 5.)  However, he states only in a conclusory manner that certain officers used excessive force, took his bedding, and refused to provide him with clean clothing and toiletry items.  (<u>Id.</u>)  These cursory allegations are simply insufficient to give the Defendants fair notice of the basis of his claims or establish a right to relief under 42 U.S.C. § 1983.

1    To state a claim against a particular defendant for violation of his civil rights, Plaintiff

2    must allege facts that demonstrate how each defendant, acting under color of state law,

3    deprived plaintiff of a right guaranteed under the Constitution or a federal statute.

4    Karim-Panahi, 839 F.2d at 624.

5        Conditions of Confinement Claim

6        The Eighth Amendment protects prisoners from inhumane methods of punishment

7    and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045

8    (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials

9    must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal

10   safety.  See Farmer, 511 U.S. at 832; see also Johnson v. Lewis, 217 F.3d 726, 731 (9th

11   Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges

12   injuries stemming from unconstitutional conditions of confinement, prison officials may be

13   held liable only if they acted with "deliberate indifference to a substantial risk of serious

14   harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

15       The deliberate indifference standard involves an objective and a subjective prong.

16   First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer

17   v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991));

18   Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000).  A deprivation is sufficiently serious

19   when the prison official's act or omission results "in the denial of the minimal civilized

20   measure of life's necessities."  Farmer, 511 U .S. at 834 (quoting Rhodes v. Chapman, 452

21   U.S. 337, 347 (1981)).  "[T]he circumstances, nature and duration of a deprivation . . . must

22   be considered in determining whether a constitutional violation has occurred."  Johnson v.

23   Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  "The more basic the need, the shorter the time it

24   can be withheld" without causing a constitutional violation.  Hoptowit, 682 F.2d at 1259.

25   Second, the plaintiff must make a subjective showing that the prison official knew of and

26   disregarded an excessive risk to an inmate's health or safety.  Farmer, 511 U.S. at 837;

27   Johnson, 217 F.3d at 734.

28

6

1    Excessive Force Claim

2       The Eighth Amendment prohibits the imposition of cruel and unusual punishments

3    and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and

4    decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal quotations and citation

5    omitted).  Again, a prison official violates the Eighth Amendment only when the deprivation

6    is "sufficiently serious" and the prison official has a sufficiently culpable state of mind.

7    Farmer, 511 U.S. at 834.

8       The objective requirement that the deprivation be "sufficiently serious" is met where

9    the prison official's act or omission results in the denial of "the minimal civilized measure of

10   life's necessities."  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The

11   subjective requirement that the prison official has a "sufficiently culpable state of mind" is

12   met where the prison official acts with "deliberate indifference" to inmate health or safety.

13   Id. (quoting Wilson, 501 U.S. at 302-303).  However, where prison officials have acted in

14   response to an immediate disciplinary need, because of the risk of injury to inmates and

15   prison employees and because prison officials will not have time to reflect on the nature of

16   their actions, the "malicious and sadistic" standard, as opposed to the "deliberate

17   indifference" standard, applies.  See Whitley v. Albers, 475 U.S. 312, 320-21 (1986);

18   Clement v. Gomez, 298 F.3d 898, 903-04 (9th Cir. 2002); Jordan v. Gardner, 986 F.2d

19   1521, 1528 (9th Cir. 1993) (en banc); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986).

20      "[W]henever prison officials stand accused of excessive physical force in violation of

21   the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a

22   good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause

23   harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  When determining whether the force

24   is excessive, the court should look to the "extent of injury . . . , the need for application of

25   force, the relationship between that need and the amount off force used, the threat

26   'reasonably perceived by the responsible officials,' and 'any efforts made to temper the

27   severity of a forceful response.'"  Id. at 7 (quoting Whitley, 475 U.S. at 321).  Although the

28   Supreme Court has never required a showing that an emergency situation existed, "the

absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." Jordan, 986 F.2d at 1528 n. 7.  Moreover, there is no need for a showing of a serious injury as a result of the force, but the lack of such an injury is relevant to the inquiry.  See Hudson, 503 U.S. at 7-9; Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003); Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000).

"Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.  An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune of escaping without serious injury." Wilkins v. Gaddy, __ U.S. __, 130 S. Ct. 1175, 1178-79 (2010). This does not suggest that "every malevolent touch by a prison guard gives rise to a federal cause of action.  The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.  An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. at 1178 (internal quotations and citations omitted).

Access to Courts Claim

Inmates have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).  To state a claim for a violation of the right of access to the courts, a prisoner must allege conduct on the part of the defendant that deprived him of access and show that he or she suffered from an actual injury as a result of that deprivation.  Lewis, 518 U.S. at 351.  Actual injury means that the prisoner's pursuit of a non-frivolous legal claim was hindered or prevented.  Id.  Plaintiff also must allege facts showing that he "could not present a claim to the courts because of the [Defendants'] failure to fulfill [their] constitutional obligations." Allen v. Sakai, 48 F.3d 1082, 1091 (9th Cir. 1994).

Thus, to state a claim for interference with the right of access to the courts, Plaintiff must plead facts sufficient to show that prison officials have actually frustrated or impeded a

nonfrivolous claim or defense.  See Lewis, 518 U.S. at 352-53.  He also must name the individual defendants involved and how they allegedly participated in the constitutional deprivation.

* * * * * * * *

If Plaintiff chooses to file an amended complaint, he should articulate each claim separately and state which particular acts are alleged to have been committed by which particular defendants.  **All of Plaintiff's factual allegations must be contained in the amended complaint.**  None of the allegations in the prior complaints will be considered in determining whether Plaintiff has stated a viable claim.  Failure to do so may result in dismissal of the amended complaint.  See Nevijel, 651 F.2d at 674 (court may dismiss an action for a pro se party's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored).  If Plaintiff cannot make specific factual allegations against a particular defendant, he should exclude that defendant from his amended complaint.

## ORDER

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.  Plaintiff must name separately each individual defendant against whom he brings his claims, identify clearly the basis for each of his claims, and articulate the connection between each named defendant and each claim.

If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) **be complete in and of itself without reference to the previous Complaint, the FAC, or any other pleading, attachment or document**.  The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

1    **Plaintiff is admonished that, if he fails to file a Second Amended Complaint by**

2    **the deadline set herein, the Court will recommend that this action be dismissed on**

3    **the grounds set forth above for failure to prosecute and for failure to comply with a**

4    **Court order.**

5

6    DATED: <u>September 19, 2011</u>                    <u>        /s/ John E. McDermott        </u>

7                                                                          JOHN E. MCDERMOTT
                                                                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28