UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO DAWON WOODLEY,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>FCC PENITENTIARY, et al.,<br><br>　　　　　　Defendants. | Case No. CV 11-5581-CAS (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

　　　　On July 22, 2011, Antonio Dawon Woodley ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 28 U.S.C. § 1983 ("Complaint").

　　　　On August 10, 2011, the Court issued a Memorandum and Order Dismissing Complaint With Leave to Amend.

　　　　On September 8, 2011, Plaintiff filed a First Amended Complaint ("FAC").

　　　　On September 19, 2011, the Court issued a Memorandum and Order Dismissing First Amended Complaint With Leave to Amend.

　　　　On October 21, 2011, Plaintiff filed a Second Amended Complaint ("SAC").

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the SAC before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009). This standard is not a probability

1  requirement, but "it asks for more than a sheer possibility that a defendant has acted
2  unlawfully." Id.  A complaint that pleads facts that are merely consistent with liability stops
3  short of the line between possibility and plausibility. Id.
4       In a pro se civil rights case, the complaint must be construed liberally to afford
5  plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,
6  623 (9th Cir. 1988).  Before dismissing a pro se civil rights complaint for failure to state a
7  claim, the plaintiff should be given a statement of the complaint's deficiencies and an
8  opportunity to cure. Id.  Only if it is absolutely clear that the deficiencies cannot be cured by
9  amendment should the complaint be dismissed without leave to amend. Id. at 623; see also
10  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).
11       After careful review and consideration of the SAC under the relevant standards and
12  for the reasons discussed below, the Court finds that plaintiff has failed to state a claim on
13  which relief may be granted and **ORDERS** the SAC **DISMISSED WITH LEAVE TO**
14  **AMEND.**

### PLAINTIFF'S ALLEGATIONS

Initial Complaint

In his initial Complaint, Plaintiff claimed that he was forced to endure unsanitary prison conditions, including a filthy cell without a functioning toilet and a lack of adequate clothing, bedding, food, showers, and exercise.  It appeared that these deprivations occurred at various times in April 2011.  Plaintiff alleged an incident of excessive force that took place on or about April 3, 2011.  Plaintiff also claimed that he was denied adequate law library access, but he provided no details regarding his need for the law library or the duration and extent to which he was denied access. (Complaint at 4-5A.)

Plaintiff sought financial compensation and removal from "the west coast western region." (Complaint at 6.)

First Amended Complaint

The FAC omits nearly all of the factual allegations that were set forth in the initial Complaint.  In the FAC, Plaintiff alleges that, between April 1 and 13, 2011, Defendants

Mason, Leyvas, and Grafton used excessive force against him. (FAC at 3.) There are no specific facts alleged regarding the excessive force incident. He also alleges that Defendant Grafton took his bedding and clothing on a daily basis leaving Plaintiff without them for 15 hours per day, that Defendants Mendoza and an unknown officer also took his bedding, and that Defendants Mendoza and the unknown officer tripped him while he was handcuffed. (FAC at 3-4.)

<u>Second Amended Complaint</u>

The SAC includes even fewer factual allegations in support of Plaintiff's claims than were set forth in the previous pleadings. Petitioner purports to bring a single claim for violation of the Eighth Amendment, as it pertains to a "safe and healthy environment." (SAC at 5.) However, the SAC also contains conclusory allegations of excessive force, denial of medical treatment, and denial of access to courts. (<u>Id.</u>) The entirety of Plaintiff's "supporting facts" are as follows:

> Petitioner was denied medical treatment. Sometimes it hurt when Petitioner breathes/internal discomfort. Still spit up blood from time to time.
>
> Petitioner needed access to law library. At the time, Petitioner was a pro se litigant and had an appeal going on in the 11th Circuit in which Petitioner went to trial and was convicted.
>
> Petitioner is currently waiting on the x-ray results that petitioner took here at Atwaters (U.S.) Penitentiary concerning the ongoing health issues Petitioner is having from the incident at Lompoc FCC/USP.

(SAC at 5.)

As to the named Defendants, Plaintiff further alleges: (1) Leyvas "[p]articipated in the initial assault on Petitioner [sic]"; (2) Mason "choked Petitioner and jumped on Petitioner's back while Petitioner was asleep lying face down also refusing Petitioner clean clothes"; and (3) Grafton "participated in the initial assault on Petitioner also Defendant took bedding, linen, and clothes from [Plaintiff] on [a] daily basis." (SAC at 3.)

4

**DISCUSSION**

This is the third pleading that the Court has reviewed. Despite having given Plaintiff detailed guidance regarding the pleading requirements for his civil rights claims, the SAC still does not withstand screening for the following reasons:

**I. Plaintiff Must Name All Defendants In the Caption**

Plaintiff does not name any defendants in the caption of the SAC. (SAC at 1.) In fact, the space for the names of the Plaintiff and the defendants is blank. In the body of the SAC, however, Plaintiff identifies three defendants: Leyvas, Mason, and Grafton.

The individuals named as "defendants" only in the body of the SAC have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If Plaintiff files an amended complaint, he must include in the caption the names of each defendant against whom he is asserting a claim. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption.

**II. Plaintiff Has Failed to Allege His Claims With Sufficient Specificity**

Rule 8(a) of the Federal Rules of Civil Procedure requires sufficient allegations to put the defendants fairly on notice of the claims against them. It states:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8. "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e).

1    Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff
2 nonetheless must allege a minimum factual and legal basis for each claim that is sufficient
3 to give each defendant fair notice of what plaintiff's claims are and the grounds upon which
4 they rest. Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).
5 Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a
6 complaint that applies even if the claims in the complaint are not found to be wholly without
7 merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also Nevijel v. North
8 Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981).
9    Here, Plaintiff's factual allegations are even more sparse than those in the initial
10 Complaint and the FAC. Plaintiff purports to allege a claim for deliberate indifference based
11 on the conditions of his confinement and makes additional allegations pertaining to claims
12 based on excessive force, denial of medical treatment, and denial of access to courts.
13 (SAC at 5.) However, Plaintiff's allegations are wholly conclusory and insufficient to give the
14 Defendants fair notice of the basis of Plaintiff's claims or establish a right to relief under 42
15 U.S.C. § 1983.
16    To state a claim against a particular defendant for violation of his civil rights, Plaintiff
17 must allege facts that demonstrate how each defendant, acting under color of state law,
18 deprived plaintiff of a right guaranteed under the Constitution or a federal statute.
19 Karim-Panahi, 839 F.2d at 624. The SAC lacks sufficient detail regarding the alleged
20 excessive force incident(s), lack of medical treatment, deficient living conditions, and lack of
21 access to the courts. The SAC also lacks sufficient detail regarding how each of the officers
22 identified participated in the incidents at issue.
23 **III.   Plaintiff Fails to State a Claim Based on the Conditions of Confinement**
24    The Eighth Amendment protects prisoners from inhumane methods of punishment
25 and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045
26 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials
27 must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal
28 safety. See Farmer, 511 U.S. at 832; see also Johnson v. Lewis, 217 F.3d 726, 731 (9th

1  Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges
2  injuries stemming from unconstitutional conditions of confinement, prison officials may be
3  held liable only if they acted with "deliberate indifference to a substantial risk of serious
4  harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

5        The deliberate indifference standard involves an objective and a subjective prong.
6  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer
7  v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991));
8  Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious
9  when the prison official's act or omission results "in the denial of the minimal civilized
10 measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452
11 U.S. 337, 347 (1981)). "[T]he circumstances, nature and duration of a deprivation . . . must
12 be considered in determining whether a constitutional violation has occurred." Johnson v.
13 Lewis, 217 F.3d 726, 731 (9th Cir. 2000). "The more basic the need, the shorter the time it
14 can be withheld" without causing a constitutional violation. Hoptowit, 682 F.2d at 1259.
15 Second, the plaintiff must make a subjective showing that the prison official knew of and
16 disregarded an excessive risk to an inmate's health or safety. Farmer, 511 U.S. at 837;
17 Johnson, 217 F.3d at 734.

18       In the SAC, Plaintiff states that Mason refused to give Plaintiff clean clothes and
19 Grafton "took bedding, linen, and clothes from [Plaintiff] on [a] daily basis." (SAC at 3.) This
20 is insufficient to establish the "circumstances, nature and duration" of the alleged deprivation
21 of adequate clothing and bedding. See Johnson, 217 F.3d at 731. Plaintiff must articulate
22 additional facts regarding the basic life necessities that he alleges were denied by the
23 defendants, who participated in the denial, what each defendant allegedly did, how long the
24 deprivation of rights lasted, and other information regarding the circumstances of the
25 deprivation.

26 **IV.    Plaintiff Fails to State a Claim for Denial of Medical Treatment**

27       Again, a government actor is "deliberately indifferent" only if he "knows of and
28 disregards an excessive risk to inmate health or safety; the official must both be aware of

7

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Deliberate indifference to serious medical needs may be manifested by the intentional denial, delay, or interference with the plaintiff's medical care, or by the manner in which the medical care was provided. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by* WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). The defendant must purposefully ignore or fail to respond to the plaintiff's pain or medical needs. See McGuckin, 974 F.2d at 1060. Thus, neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care (without more), nor a difference of opinion over proper medical treatment, is sufficient to violate the Eighth Amendment. See Estelle, 429 U.S. at 105-06; Wakefield, 177 F.3d at 1165; see also Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff's factual allegations are insufficient to state a claim against Defendants for deliberate indifference to serious medical needs. Plaintiff does not state any facts regarding his medical condition and, therefore, has failed to demonstrate that he has a serious medical need. He does not identify the treatment that was withheld, how long it was withheld, who withheld it, or how the denial of the treatment has caused him harm. If Plaintiff chooses to file an amended complaint, he must allege additional facts to support his claim.

**V.     Plaintiff Fails to State a Claim for Excessive Force**

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal quotations and citation omitted). Again, a prison official violates the Eighth Amendment only when the deprivation is "sufficiently serious" and the prison official has a sufficiently culpable state of mind. Farmer, 511 U.S. at 834.

1    The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). However, where prison officials have acted in response to an immediate disciplinary need, because of the risk of injury to inmates and prison employees and because prison officials will not have time to reflect on the nature of their actions, the "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard, applies. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Clement v. Gomez, 298 F.3d 898, 903-04 (9th Cir. 2002); Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986).

"[W]henever prison officials stand accused of excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). When determining whether the force is excessive, the court should look to the "extent of injury . . . , the need for application of force, the relationship between that need and the amount off force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. at 7 (quoting Whitley, 475 U.S. at 321). Although the Supreme Court has never required a showing that an emergency situation existed, "the absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." Jordan, 986 F.2d at 1528 n. 7. Moreover, there is no need for a showing of a serious injury as a result of the force, but the lack of such an injury is relevant to the inquiry. See Hudson, 503 U.S. at 7-9; Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003); Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000).

"Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability

to pursue an excessive force claim merely because he has the good fortune of escaping without serious injury." Wilkins v. Gaddy, __ U.S. __, 130 S. Ct. 1175, 1178-79 (2010). This does not suggest that "every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. at 1178 (internal quotations and citations omitted).

Here, Plaintiff alludes to an excessive force incident involving Defendants Leyvas, Grafton, and Mason. (FAC at 3.) Plaintiff states that Mason choked him and jumped on his back while he was asleep. (Id.) Although this arguably is sufficient to demonstrate excessive force, Plaintiff does not indicate (even approximately) when this incident occurred, how or whether Leyvas and Grafton were involved, or any other facts regarding the incident. Plaintiff must set forth additional facts to support his excessive force claim.

**VI.  Plaintiff Fails to State a Claim for Denial of Access to Courts**

Inmates have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To state a claim for a violation of the right of access to the courts, a prisoner must allege conduct on the part of the defendant that deprived him of access and show that he or she suffered from an actual injury as a result of that deprivation. Lewis, 518 U.S. at 351. Actual injury means that the prisoner's pursuit of a non-frivolous legal claim was hindered or prevented. Id. Plaintiff also must allege facts showing that he "could not present a claim to the courts because of the [Defendants'] failure to fulfill [their] constitutional obligations." Allen v. Sakai, 48 F.3d 1082, 1091 (9th Cir. 1994).

Thus, to state a claim for interference with the right of access to the courts, Plaintiff must plead facts sufficient to show that prison officials have actually frustrated or impeded a nonfrivolous claim or defense. See Lewis, 518 U.S. at 352-53. He also must name the

individual defendants involved and how they allegedly participated in the constitutional deprivation.

Here, Plaintiff states only that he "needed access to law library" in connection with his appeal to the Eleventh Circuit. (SAC at 5.) This is insufficient to show that he was actually denied access to the law library, that he had a non-frivolous claim or defense, and that the non-frivolous claim or defense was frustrated or impeded by the lack of access to the law library. Accordingly, Plaintiff has not stated a denial of access to courts claim.

* * * * * * * *

If Plaintiff chooses to file an amended complaint, he should articulate each claim separately and state which particular acts are alleged to have been committed by which particular defendants. **All of Plaintiff's factual allegations must be contained in the amended complaint.** None of the allegations in the prior complaints will be considered in determining whether Plaintiff has stated a viable claim. Failure to do so may result in dismissal of the amended complaint. See Nevijel, 651 F.2d at 674 (court may dismiss an action for a pro se party's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored). If Plaintiff cannot make specific factual allegations against a particular defendant, he should exclude that defendant from his amended complaint.

## ORDER

For the reasons set forth herein, the SAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Third Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above. Plaintiff must name separately each individual defendant against whom he brings his claims, identify clearly the basis for each of his claims, and articulate the connection between each named defendant and each claim. **Plaintiff must set forth specific facts regarding the alleged excessive force incident(s), substandard conditions of confinement, denial of medical treatment, and denial of access to courts.**

If Plaintiff chooses to file a Third Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Third Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) **be complete in and of itself without reference to the previous Complaint, the FAC, the SAC, or any other pleading, attachment or document**. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a Third Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed on the grounds set forth above for failure to prosecute and for failure to comply with a Court order.**

**Plaintiff is further admonished that he must comply with the directives contained herein regarding the pleading requirements for his claims. The Court has given Plaintiff three chances to amend his complaint, yet his pleadings are still inadequate. If Plaintiff fails to plead his claims sufficiently in a Third Amended Complaint, the Court will recommend that this action be dismissed.**

DATED: November 1, 2011          /s/ John E. McDermott
                                 JOHN E. MCDERMOTT
                                 UNITED STATES MAGISTRATE JUDGE